UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

EDMOND GASAWAY,

                          Plaintiff,

      -against-                                  9:11-CV-01272 (LEK/DEP)

RUSSELL PERDUE, Warden, FCI Ray Brook, *et al.*

                          Defendant.

## **DECISION AND ORDER**

**I.**    **INTRODUCTION**

      This matter comes before the Court following a Report-Recommendation filed on April 9, 2012 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Dkt. No. 17 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Edmond Gasaway ("Plaintiff"), which were filed April 18, 2012, and the Objections by Defendants, which were filed April 26, 2012. Dkt. No. 22 ("Pl.'s Objections"); Dkt. No 23 ("Def.'s Objections").

**II.**    **BACKGROUND**

      Plaintiff Edmond Gasaway, a *pro se* inmate litigant and frequent filer in federal court, who is now barred from filing any future *pro se* actions in this District without prior permission, has commenced this suit under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the warden and various other corrections workers employed at the Ray Brook Correctional Institution ("FCI Ray Brook"). Dkt. No. 1 ("Complaint"). Plaintiff alleges that

he suffered various violations of his constitutional rights while confined in that prison facility, which is operated by the Bureau of Prisons ("BOP"). See generally id. In his Complaint, Plaintiff alleges, *inter alia*, that Defendants subjected him to cruel and unusual conditions of confinement and retaliated against him for filing grievances regarding his conditions of confinement. Id. Plaintiff claims that the retaliatory actions taken against him included denying him access to the courts and taking his property without due process. Id. Construing the Complaint liberally, it appears that Plaintiff alleges that his rights were violated under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks declaratory relief as well as compensatory damages.

Plaintiff is currently incarcerated at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"). Compl. at 2. Plaintiff filed this action along with an Application to proceed *in forma pauperis* ("IFP") on October 26, 2011. Dkt. Nos. 1, 2. On January 12, 2012, the Court issued an Order granting Plaintiff's IFP Application, authorizing the issuance of summonses for service, and directing a response to the complaint. Dkt. No. 6.

On February 28, 2012, Defendants moved in this and another pending case seeking revocation of Plaintiff's IFP status. Dkt. No. 10 ("Motion"); Gasaway v. Bureau of Prisons, No. 11-CV-1223 (LEK/DEP). Defendants argue that Plaintiff is precluded from proceeding *in forma pauperis* by the "three strikes" provision of 28 U.S.C. § 1915(g). Id. Defendants offers five specific prior dismissals of Plaintiff's claims as constituting "strikes" under that provision and argues, in the alternative, that in any event the Court should exercise its inherent discretionary authority to strip Plaintiff of his IFP status in light of Plaintiff's litigation history. Id. Plaintiff has since responded in opposition to Defendants' Motion, arguing that his IFP status should be upheld and that he is in

imminent danger where he is currently being housed. Dkt. No. 12 ("Response"). Defendants subsequently filed a Reply to Plaintiff's Response. Dkt. No. 14. Plaintiff also moved for appointment of pro bono counsel. Dkt. No. 15.

Judge Peebles filed a Report-Recommendation and Order on April 9, 2012, recommending that: (1) the Court use its discretionary authority to revoke Plaintiff's IFP status because of his history as an abusive litigant; and (2) the Court deny Plaintiff's request for appointed counsel. Report-Rec.[1] Judge Peebles concluded that the dismissals of habeas petitions that Defendants had cited as strikes should not be counted as such, but that Defendants' motion should still be granted by means of the Court's discretionary authority. See generally id. On April 26, 2012, however, Defendants filed Objections, expressing disagreement not with Judge Peebles's recommended result but with his rationale. Def.'s Obj. That is, Defendants wish the Court to revoke Plaintiff's IFP status and also to conclude that he had accumulated three strikes at the time that this action began. Id. On April 18, 2012, Plaintiff also filed Objections, stating that he would "conc[ede] to" the Report-Recommendation but that he would like "all funds in relation to this action and [Gasaway v. Bureau of Prisons, No. 11-CV-1223 (LEK/DEP)] returned to his prison account without prejudice." Pl.'s Obj. at 1-2.

### III.  STANDARD OF REVIEW

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his

---

[1] Judge Peebles also ordered that Plaintiff's request for appointed counsel be dismissed without prejudice. Report-Rec. at 19-23.

original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has considered all Objections and reviewed the record and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

## IV.   DISCUSSION

### A. Plaintiff's Objections

In his Objections, Plaintiff does not appear to contest the revocation of his IFP Application, the denial of his Motion to appoint counsel, or indeed any part of the Report-Recommendation. Rather, Plaintiff takes this opportunity to request that the Court return "all funds in relation to this action and [Gasaway v. Bureau of Prisons, No. 11-CV-1223 (LEK/DEP)] . . . to his prison account without prejudice." Pl.'s Obj. at 1-2. The Court must deny Plaintiff's request.[2]

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), a party proceeding *in forma pauperis* is required to pay the full $350.00 filing fee, regardless of the outcome of the action. See, e.g., Goins v. DeCaro, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of the filing fee paid or a cancellation of the remaining indebtedness); Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (plain

---

[2] Plaintiff's Objections are not docketed in Gasaway v. Bureau of Prisons, No. 11-CV-1223 (LEK/DEP), but the Court notes that for the same reasons stated *infra*, the Court may not grant Plaintiff's request and return funds associated with that case.

language of the PLRA requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (citations omitted); McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment . . . .").

Additionally, the authorization form that Plaintiff signed when he commenced this action *in forma pauperis* expressly stated that "I understand that the total filing fee which I am obligated to pay is $350.00. I also understand that this fee will be debited from my account regardless of the outcome of my lawsuit." Dkt. No. 5. Therefore, regardless of Plaintiff's sense that his litigation may not be progressing successfully, see Pl.'s Obj. at 1, the Court cannot return funds to his account.

Because Plaintiff has not objected to any other portion of the Report-Recommendation, the Court has reviewed the remainder of the Report-Recommendation (absent the portion addressed in Defendants' Objections) for clear error and found none.

### B. Defendants' Objections[3]

In this case, Defendants do not object to the result recommended by Judge Peebles. Indeed, the revocation of Plaintiff's IFP status that Judge Peebles advises the Court to adopt is exactly the result that Defendants' Motion sought. Rather, Defendants "object[] to the R&R insofar as it concluded that dismissals of habeas corpus petitions may not be counted as 'strikes' under the PLRA." Def.'s Obj. at 2. The Court, therefore, reviews this portion of the Report-Recommendation *de novo*. See 28 U.S.C. § 636(b).

---

[3] Because the Objections entered by Defendants here are identical to those entered in Gasaway v. Bureau of Prisons, No. 11-CV-1223 (LEK/DEP), the Court's reasoning here is identical to its reasoning in rejecting Defendant's arguments in that case.

As a preliminary matter, it is worth noting that: (1) the Report-Recommendation concludes that Plaintiff's IFP status should be revoked for the instant action; and (2) Plaintiff has now clearly accumulated three strikes independent of the dismissed habeas petitions. See Report-Rec. at 13 n.6 ("It is clear that plaintiff now has three strikes, in light of the court's recent dismissal of his complaint in Gasaway v. Williams, No. 8:11-CV-0549, 2012 WL 264611(N.D.N.Y. Jan. 30, 2012)"). Therefore, given that the Court finds no error in Judge Peebles's exercise of the discretionary power to revoke Plaintiff's IFP status, there can be no claim that Defendants' objection has any bearing on the outcome of this Motion or even on Plaintiff's future forays into federal litigation.

By objecting to the portion of the Report-Recommendation that fails to treat Plaintiff's prior habeas dismissals as "strikes," Defendants appear to invite the Court to address a legal issue that is no longer essential to this Motion, to pursue (what amounts to) Judge Peebles's dicta and wade after it into the morass of the Circuits' conflicting interpretations of the PLRA. As a prudential matter, the Court must decline such an invitation to expound upon the relationship between the PLRA and the civil/criminal status of habeas petitions.

It is axiomatic that federal courts shall not issue advisory opinions. See, e.g., U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993); Crawley v. U.S., 417 F. App'x 94, at *1 (2d Cir. 2011); U.S. v. Leon, 203 F.3d 162, 164 (2d Cir. 2000); Letter from Chief Justice John Jay and the Associate Justices to President George Washington (August 8, 1793), 3 CORRESPONDENCE & PUBLIC PAPERS OF JOHN JAY 488–89 (Henry P. Johnston ed. 1891). Further, "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). Because

the Court finds no error in Judge Peebles's recommendation that Plaintiff's IFP Application be dismissed on discretionary grounds, the presence of additional "strikes" in the form of prior dismissed habeas actions would not affect the rights of the litigants here. Cf. Deleon v. Doe, 361 F.3d 93, 95 (2d Cir. 2004); Snider v. Melindez, 199 F.3d 108, 115 (2d Cir.1999) ("The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner's suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes.  At that time, because a practical consequence turns on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes.  Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence.  The resolution of such disputes is not a proper part of the judicial function.").  While the determination of whether a prior action qualifies as a "strike" is a matter of statutory interpretation and is therefore one for the courts, Tafari v. Hues, 473 F.3d 440, 442-43 (2d Cir. 2007), in the interests of judicial restraint, the Court shall refrain from addressing this unsettled legal issue when it need not in order to grant Defendants' Motion.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 17) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 10) is **GRANTED** and that Plaintiff's IFP status in this case is **REVOKED**, and that Plaintiff's Complaint in this action is **DISMISSED** unless, **within thirty (30) days** of the date of the Court's Order and Decision, he pays the required

statutory filing fee in full; and it is further

**ORDERED**, that the Clerk serve a copy of this order on the Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:   May 30, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge